# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| BRENNEN HURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-836 HEA |
| | ) | |
| EXETER FINANCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Brennen Hurt for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Upon consideration of the financial information provided with the motion, the Court finds plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, for the reasons discussed below, plaintiff will be directed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Plaintiff's Complaint

Plaintiff Brennen Hurt filed this action on June 29, 2023, by filing a form "Civil Complaint" naming Exeter Finance LLC and Jason Kulas, Chief Financial Officer (CFO) of Exeter, as defendants in this action. Plaintiff claims that the jurisdictional basis for the present action is "breach of contract.[1]"

---

[1]On his "Civil Cover Sheet" attached to his Complaint, plaintiff claims that the jurisdictional basis for this action is "breach of contract." In his complaint, plaintiff additionally claims: "breach of fiduciary duties

Although plaintiff does not appear to be bringing this action pursuant to the diversity statute, he asserts that Exeter Finance LLC is incorporated in Texas and has its principal place of business in Texas. He has not indicated what state defendant Jason Kulas is a citizen of.

Under the section of the complaint titled "Amount in Controversy," plaintiff states

Pursuant to Federal reserve act penalties defendant owes $76,000,000.
Plaintiff claims defendant owes $15,000 in damages and proceeds.

For his "Statement of Claim" plaintiff states the following:

1. Plaintiff wrote multiple letters to defendant on March $th [sic], March 18th and 2 More after, Telling Defendant about plaintiff rights in contract.
2. Defendant Ignored notices about all rights and equitable interest owed to the principal.
3. Plaintiff sent certified mail all letters telling defendant to apply principals balance to the account for set off.
4. Plaintiff sent a negotiable instrument and power of attorney to defendant showing why plaintiff had the rights. Plaintiff tried to settle the account using principal balance.
5. Defendant ignored and said no. Defendant held plaintiff out of rights and violated Plaintiff rights. Defendant discriminated plaintiff and falsely accused plaintiff of internet scamming.
6. Defendant not only breached contract and failed to perform fiduciary duties pursuant to Missouri revised statue 400.3-307
7. Plaintiff has loss the vehicle and suffered damages and loss faith in the banking industry.
8. Defendant is still breaching contract, Defendant failed to apply principal balance to account for set off, account has taken affect due to non-performance by defendant.
9. Defendant is still forcing payment from plaintiff and report a negative account on plaintiff consumer report.
10. Defendant is committing security fraud by blocking plaintiff from claiming securities owned by plaintiff.

For relief in this action plaintiff states that he "wants performance done by defendant." He asserts that he wants all proceeds returned to him, as well as damages from emotional distress and transportation fees, in total cost of $15,000.

---

MO revised 400.3-307; security fraud; and extortion." Plaintiff has not elaborated on these alleged causes of action.

## Discussion

Although plaintiff does not come out and state what is at issue in this action, reading between the lines, it appears he is suing Exeter Finance, LLC and its CFO for repossession of his personal vehicle under a theory of Missouri State breach of contract. Exeter is an auto lending company that provides consumers assistance in purchasing personal vehicles. Unfortunately, a breach of contract claim brought pursuant to Missouri state law does not suffice to provide jurisdiction to this Court over this action.

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and cases where diversity jurisdiction exists under 28 U.S.C. § 1332. If this Court lacks both diversity of citizenship and federal question jurisdiction, the case is subject to dismissal for lack of jurisdiction. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020-24 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking where there is neither diversity of citizenship nor federal question jurisdiction).

Plaintiff's complaint fails to establish this Court's jurisdiction under either basis. The Court has diversity jurisdiction under 28 U.S.C. § 1332 over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).

Diversity jurisdiction does not exist here. In this case, plaintiff is suing both Exeter Finance LLC and its CFO, Jason Kulas. He has failed to indicate defendant Kulas' state of citizenship, and although he has attempted to treat Exeter as a corporation for the purposes of citizenship, that is improper.

Defendant Exeter is a limited liability company. The citizenship of an LLC is not determined in the same way as that of a corporation. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC,* 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, for LLCs, the Court must examine the citizenship of each member of an LLC to determine whether it has diversity jurisdiction. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004). For any members of LLCs that are limited liability companies, partnerships, limited partnerships or trusts, facts concerning their underlying members, partners, trustees or beneficiaries must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be. Plaintiff, who has the burden here of proving diversity, must plead facts as to the state(s) of citizenship of all of defendant Exeter Finance, LLC's members, and its member's members, at the time of case filing. He has failed to do so, thus he is unable to prove diversity jurisdiction.[2]

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great*

---

[2]The Court is additionally confused as to plaintiff's assertions as to the amount in controversy. At one place in the complaint plaintiff asserts that he is seeking only $15,000, which is much less than the required amount of over $75,000 to meet the amount in controversy for diversity jurisdiction. At another place in the complaint plaintiff states that he is owed $76 million dollars. This seems highly unlikely if the Court is discussing a breach of contract for the repossession of a vehicle.

*Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (internal citations omitted).  The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

Plaintiff's complaint is drafted on a court-form for filing civil claims. As noted above, plaintiff indicates that he is asserting a breach of contract action. Although at various places in his complaint he also asserts that he is suing for "security fraud" or under the "Federal Reserve Act," plaintiff has failed to articulate a cause of action under either of these claims. Rather, it is clear from the face of the pleadings that plaintiff is seeking recompense for repossession of his vehicle by defendant Exeter.

Nothing in plaintiff's complaint indicates that the Court has jurisdiction over this matter. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist here because it appears that plaintiff and defendants are all are citizens of the same state. As a result, plaintiff will be required to show cause, within twenty-one (21) days of the date of this Memorandum and Order, why this action should not be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff will be required to show cause, **within twenty-one (21) days of the date of this Memorandum and Order**, why this action should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with the Court's Order, this action may be dismissed, without prejudice.

Dated this 13th day of July, 2023

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE