UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENNEN HURT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-CV-836 HEA |
| ) | |
| EXETER FINANCE, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is plaintiff's response to the Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction. After reviewing the response, and for the reasons discussed below, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3).

**Background**

Plaintiff Brennen Hurt filed this action on June 29, 2023, by filing a form "Civil Complaint" naming Exeter Finance LLC and Jason Kulas, Chief Financial Officer (CFO) of Exeter, as defendants in this action. [ECF No. 1]. Plaintiff claimed that the jurisdictional basis for the present action was "breach of contract.[1]" Although plaintiff did not appear to be bringing this action pursuant to the diversity statute, he asserted that Exeter Finance LLC was incorporated in

---

[1] On his "Civil Cover Sheet" attached to his Complaint, plaintiff claims that the jurisdictional basis for this action is "breach of contract." In his complaint, plaintiff additionally claims: "breach of fiduciary duties MO revised 400.3-307; security fraud; and extortion." Plaintiff has not elaborated on these alleged causes of action.

Texas and had its principal place of business in Texas.[2] He failed to indicate the state of citizenship of defendant Jason Kulas.

Under the section of the complaint titled "Amount in Controversy," plaintiff stated:

Pursuant to Federal reserve act penalties defendant owes $76,000,000.
Plaintiff claims defendant owes $15,000 in damages and proceeds.

For his "Statement of Claim" plaintiff states the following:

1. Plaintiff wrote multiple letters to defendant on March $th [sic], March 18th and 2 More after, Telling Defendant about plaintiff rights in contract.
2. Defendant Ignored notices about all rights and equitable interest owed to the principal.
3. Plaintiff sent certified mail all letters telling defendant to apply principals balance to the account for set off.
4. Plaintiff sent a negotiable instrument and power of attorney to defendant showing why plaintiff had the rights. Plaintiff tried to settle the account using principal balance.
5. Defendant ignored and said no. Defendant held plaintiff out of rights and violated Plaintiff rights. Defendant discriminated plaintiff and falsely accused plaintiff of internet scamming.
6. Defendant not only breached contract and failed to perform fiduciary duties pursuant to Missouri revised statue 400.3-307
7. Plaintiff has loss the vehicle and suffered damages and loss faith in the banking industry.
8. Defendant is still breaching contract, Defendant failed to apply principal balance to account for set off, account has taken affect due to non-performance by defendant.
9. Defendant is still forcing payment from plaintiff and report a negative account on plaintiff consumer report.
10. Defendant is committing security fraud by blocking plaintiff from claiming securities owned by plaintiff.

For relief in this action plaintiff requested "performance done by defendant." He additionally requested all proceeds be returned to him, as well as damages from emotional distress and transportation fees, in total cost of $15,000.

---

[2]In the Order to Show Cause issued on July 13, 2023, the Court informed plaintiff that because Exeter Finance LLC was a Limited Liability Company, for purposes of diversity jurisdiction, its citizenship was based on the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted).

Because plaintiff's complaint appeared to lack a basis for this Court's subject matter jurisdiction, on July 13, 2023, the Court directed plaintiff to show cause why this matter should not be dismissed for lack of jurisdiction. [ECF No. 3]. Plaintiff filed a response to the Court's Order on July 24, 2023. [ECF No. 4].

### Response to Order to Show Cause

In his response to the Order to Show Cause, plaintiff asserts that this Court's jurisdiction lies under 28 U.S.C. § 1331, or federal question jurisdiction. He claims that Exeter Finance LLC has violated his rights under the Fourth and Fifth Amendment by "seizing plaintiff's personal property, without due process."

Plaintiff also alleges, in a conclusory manner, that "[d]efendant has taken plaintiff['s] security/asset and has not compensated plaintiff. . ." And he asserts that "[d]efendant has failed to correctly disclose the terms and cost of consumer credit as required by the truth in lending act. . ."

Plaintiff's arguments are based on new causes of action and cannot form the basis for jurisdiction. *See Morgan Distrib. Co. v. Unidynamic Corp.,* 868 F.2d 992, 995 (8th Cir. 1989) (pointing out that a responsive brief is neither the time nor the place to raise a new claim). Nevertheless, the Court will address his claims.

### Discussion

It appears plaintiff is suing Exeter Finance, LLC and its CFO for repossession of his personal vehicle under Missouri State law breach of contract. Plaintiff does not identify the vehicle, nor does he state when he entered into the contract to purchase the vehicle. Plaintiff also fails to indicate who he purchased the vehicle from.

Exeter is an auto lending company that provides consumers assistance in purchasing personal vehicles. As noted in the Order to Show Cause issued on July 13, 2023, a state law breach of contract claim does not suffice to provide jurisdiction to this Court over this action.

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.,* 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.,* 567 F.3d 976, 982 (8th Cir. 2009). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The Court will first address whether diversity jurisdiction exists in this matter.

A. **Diversity Jurisdiction**

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.,* 263 F.3d 816, 819 (8th Cir. 2001). The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961). To satisfy the jurisdictional requirement of $75,000, punitive damages are included but "the existence of the required amount must be supported by competent proof." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (internal citation omitted). When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur.*

*Co.,* 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

Plaintiff, who has the burden here of proving diversity, must plead facts as to the states of citizenship of all of defendant Exeter Finance, LLC's members, and its member's members, at the time of case filing. *E3 Biofuels, LLC v. Biothane, LLC,* 781 F.3d 972, 975 (8th Cir. 2015). He has failed to do so, thus he is unable to prove diversity jurisdiction. Additionally, plaintiff indicates that the amount he has specifically lost in damages is $15,000, which is less than the required amount under the diversity statute.

In Missouri, punitive damages are not ordinarily available in breach of contract actions unless the conduct giving rise to the claim of breach also constitutes an independent, willful tort. *Kelly v. State Farm Mut. Auto. Ins. Co.*, 218 S.W.3d 517 (Mo. Ct. App. W.D. 2007). Even if plaintiff were to bring this action under the general tort of "fraud" in Missouri, stricter punitive damages guidelines were added to Missouri Revised Statute § 510.261 in August of 2020. Under those guidelines, punitive damages shall not be awarded unless the plaintiff proves by clear and convincing evidence that the defendant intentionally harmed the plaintiff without just cause or acted with deliberate and flagrant disregard for the safety of others. *Id.* Plaintiff has not alleged such actions by defendant Exeter. Thus, there is no indication that plaintiff can sustain a claim for punitive damages in this action.

Although plaintiff additionally claims damages for emotional distress, in *Bass v. Nooney Co.,* 646 S.W.2d 765, 772–73 (Mo. banc 1983), the Missouri Supreme Court held that a plaintiff in an emotional distress case, where the emotional distress is unaccompanied by physical injury, can only recover so long as: "(1) the defendant should have realized that his conduct involved an unreasonable risk of causing the distress; and (2) the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant."

(footnote omitted.) Thereafter, in *Fetick v. Am. Cyanamid Co.*, 38 S.W.3d 415, 419 (Mo. banc 2001), the Missouri Supreme Court held that, to be compensable as damages for willful fraud, emotional distress must meet *Bass's* requirement of being "medically diagnosable and significant." Plaintiff has not alleged that he has a medically diagnosable mental injury in this action. Thus, it does not appear that he is eligible for emotional distress damages under Missouri law.

Based on the above, plaintiff has not substantiated that he is able to meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. As a result, this Court lacks diversity jurisdiction.

### B. Federal Question Jurisdiction

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (internal citations omitted). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

The Court noted in its July 13, 2023 Order to Show Cause that plaintiff had failed to articulate a basis for federal question jurisdiction. Rather, he has plead, in his complaint, a state-law breach of contract claim. However, in a blatant effort to supplement the breach of contract claim, plaintiff asserts in his response brief that he is bringing claims for violations of his Fourth and Fifth Amendment rights under the Constitution against defendants, based on an illegal taking and violations of his due process rights. As noted *supra*, a response brief is not an appropriate time to attempt to make new claims. *See Morgan Distrib. Co.*, 868 F.2d at 995. Nonetheless, the Court will address plaintiff's allegations.

Plaintiff's assertions that his rights were violated by defendants under the Fourth and Fifth Amendment are unable to be brought against defendants who are private actors. These causes of action may only be brought against a state actor or one acting under color of state law. *See, e.g., Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010); *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). Because defendants are private parties, plaintiff may not sue them for violations under the Constitution. *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).[3]

Plaintiff also appears to assert conclusory claims in his response brief under the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, against defendants.[4] He alleges that he was not "properly compensated" and that defendants failed to disclose the terms and cost of consumer credit.

---

[3] The Court notes that Missouri codified Section 9-503 of the Uniform Commercial Code ("UCC"), which states that a secured party may repossess collateral upon the debtor's default "without judicial process if this can be done without breach of the peace...." *See* Mo.Rev.Stat.§ 400.9-503. To the extent plaintiff is alleged a "breach of peace," he would need to bring such a claim in Missouri state courts.

[4] The FDCPA's purpose "is to eliminate abusive debt collection practices by debt collectors, and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.,* 380 F.3d 316, 318-19 (8th Cir. 2004). The FDCPA authorizes private lawsuits and fines to prevent debt collectors from engaging in prohibited practices. *Coyne v. Midland Funding, LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018) ("[t]he FDCPA is a consumer-protection statute authorizing private lawsuits and weighty fines to deter wayward collection practices"). To state a prima facie case for a violation of the FDCPA, a plaintiff must allege: (1) the plaintiff is a consumer; (2) the defendant is a debt collector; (3) the debt collector attempted to collect a debt; and (4) the debt collector violated the FDCPA in some manner. *Dunham v. Portfolio Recovery Assocs., LLC,* 663 F.3d 997, 1001 (8th Cir. 2011). *See also Webb v. SuddenLink Commc'ns*, 2010 WL 3940905, at *1 (E.D. Mo. Oct. 6, 2010). Exeter Finance LLC's website, which this Court takes judicial notice of, indicates that they are in the business of "franchise and independent dealership financing and subprime auto lending to credit-challenged customers." *See* https://www.exeterfinance.com. Plaintiff has not alleged that defendants are "debt collectors" under the FDCPA, and in fact, it appears that Exeter is the creditor who financed plaintiff's car purchase. *See, e.g., Laboo v. Citzens One/Citizens Bank*, No. 1:21-CV-667, 2021 WL 4866999, at *3 (N.D. Ga. Mar. 10, 2021), *Report and Recommendation adopted,* 2021 WL 4866988 (N.D. Ga. Apr. 29, 2021) (recommending dismissal of the plaintiff's complaint for failing to allege that the defendant was a debt collector and finding that amendment would be futile because the plaintiff appeared to be the plaintiff's creditor).

Plaintiff, however, has failed to articulate the sections of the Acts under which he is suing defendants. *See, e.g., Kosobucki v. Bank of America, N.A.*, No. 15-60458-Civ-Scola, 2015 WL 11198244 at *2 (S.D. Fla. July 30, 2015) (finding that the defendant was not afforded fair notice and explaining that "TILA and RESPA are highly specific statutes and the [plaintiffs'] claims do not clearly indicate what TILA violation occurred and what RESPA violation occurred."); *Yancey v. First Bank*, No. 6:16-CV-00028, 2016 WL 4126661, at *4 (W.D. Va. Aug. 2, 2016) (dismissing TILA and Regulation Z claim when complaint failed to reference the specific section of the TILA being violated); *Robinson v. Capital One Auto Finance*, No. 1:20-cv-23105-UU, 2020 WL 8186266, at *2 (S.D. Fl. Dec. 11, 2020) (dismissing amended complaint because plaintiff failed to allege a specific provision of TILA allegedly violated by defendant). Thus, plaintiff's conclusory allegations of these statutes cannot form a basis for this Court's federal question jurisdiction.

## Conclusion

Nothing in plaintiff's complaint indicates that the Court has jurisdiction over this matter. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist here because it appears that plaintiff and defendants are all are citizens of the same state. As a result, this case will be dismissed, without prejudice, for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

Dated this 25th day of August, 2023

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE